# SheppardMullin

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

Theodore C. Max
212.653.8702 direct
tmax@sheppardmullin.com
File Number: 85LZ-361988

September 30, 2022

**By ECF**
The Honorable Lorna G. Schofield
United States District Judge
U.S.D.C. - Southern District of New York
40 Foley Square
New York, NY 10007

Re: *North Star IP Holdings, LLC v. Icon Trade Services LLC*,
Case No. 1:22-cv-07324-LGS

Dear Judge Schofield:

We represent Counter-Defendant North Star IP Holdings, LLC ("North Star") and Third-Party Defendants Jalapeno Pizza Holdings LLC and Jalapeno Pizza LLC (collectively with North Star, "Counterclaim Defendants"). Per Rule III.C.2. of your individual rules for civil cases, we submit this pre-motion letter regarding Counterclaim Defendants' motion to partially dismiss Counterclaimant and Third-Party Plaintiff Icon Trade Services LLC's ("Counterclaimant") Counterclaims and Third-Party Complaint ("Counterclaims," Dkt. 13) for failure to state a claim and dismiss the arbitrable claims asserted in the Counterclaims.[1]

### A. Brief Summary of the Relevant Facts

On August 26, 2022, North Star filed a complaint against Counterclaimant for infringement of North Star's REBECCA MINKOFF trademark and related claims. Dkt. 1. Counterclaimant is a holdover licensee and continues to use the REBECCA MINKOFF trademark despite the termination of the license agreements which granted the right to use the trademark (the "Licenses"). North Star filed an amended complaint on September 29, 2022. Dkt. 23.

On September 9, 2022, Counterclaimant filed its answer denying all of the material allegations in the complaint (Dkt. 12) and filed the Counterclaims. Dkt. 13. In Claim III, Counterclaimant alleges that Counterclaim Defendants breached the Licenses[2] by, *inter alia*, "unreasonably delaying and denying the approval of products submitted by [Counterclaimant] for potential marketing and sale." *Id.*, ¶ 72. Similarly, in Claim IV, Counterclaimant alleges that

---

[1] "[W]here a party moves to dismiss based on an arbitration clause but does not also manifest an intention to compel arbitration, the applicable standard is that of a motion to dismiss made pursuant to Rule 12(b)(6) for failure to state a claim." *Simon J. Burchett Photography, Inc. v. Maersk Line Ltd.*, No. 20 Civ. 3288, 2020 WL 8261580, at *5 (S.D.N.Y. Dec. 30, 2020), citing *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).

[2] Counterclaimant alleges that Jalapeno Pizza Holdings LLC and Jalapeno Pizza LLC or, alternatively, North Star are the licensor under the Licenses. Dkt. 13, ¶ 72. North Star is not a party to either License.

Counterclaim Defendants breached the implied covenant by "unreasonably withholding or denying [Counterclaimant's] submissions for product approvals, including, but not limited to, all denim goods under the Denim License." *Id.*, ¶ 80.

Counterclaimant attached redacted copies of the Licenses to its counterclaims and third-party complaint. Paragraph 8.1 of both Licenses grants the licensor absolute discretion to reject or not respond to requests for approval:

> Licensor's approvals pursuant to this Agreement may be based solely on Licensor's subjective standards, including its aesthetic judgment regarding design, advertising, marketing and exploitation and the Image of the brand and, except as otherwise expressly set forth in this Agreement, may be withheld in Licensor's sole and absolute discretion. Any sample Product or other item or matter submitted to Licensor for its approval that is not approved within 10 days after Licensor's receipt thereof shall be deemed disapproved for use hereunder. In the event that no response is received from Licensor in such time period, Licensee may resubmit such item for approval, and if Licensor does not respond within 5 days of such notice, such submission shall be deemed disapproved for use hereunder …. (Dkt. 13-1, p. 13; Dkt. 13-2, p. 13.)

Paragraph 23.1 of both Licenses states as follows:

> Except for Injunctive Relief sought by Licensor, disputes, controversies and claims relating to or affecting Licensor's ownership of or the validity of the Licensed Mark or any registration thereof, or any application for registration thereof or as otherwise specifically set forth in this Agreement (collectively, "Court Actions"), all disputes, controversies and claims arising out of or relating to this Agreement shall be settled and determined by arbitration in New York City before a commercial panel of three arbitrators in accordance with and pursuant to the then existing Commercial Arbitration Rules of the AAA. (Dkt. 13-1, p. 34; Dkt. 13-2, p. 34.)

**B.** **The Court Should Dismiss the Claims for Breach of Contract, in Part, and Breach of the Implied Covenant For Failure to State a Claim**

Counterclaimant does not allege facts sufficient to plead that the licensor's purported delay and denial of requested product approvals breaches the Licenses. On the contrary, the Licenses expressly state that **the licensor has sole and absolute discretion, based on its subjective standards, to withhold product approvals**. The Licenses do not require the licensor to timely consider product approvals; instead, the licensor's failure to respond is deemed a disapproval. *See Merit Group, LLC v. Sint Maarten Intl. Telecommunications Servs.*, NV, No. 08-cv-3496 (GBD, 2009 WL 3053739, at *2 (S.D.N.Y. Sept. 24, 2009), citing *805 Third Ave. Co. v. M.W. Realty Associates*, 58 N.Y.2d 447, 451, 461 N.Y.S.2d 778, 780-781 (N.Y. 1983). ("The claim cannot

withstand a motion to dismiss if the express terms of the contract contradict plaintiff's allegations of breach."). This ground for the breach of contract claim should be dismissed with prejudice.

These same allegations (licensor's alleged "unreasonabl[e] withholding or den[ial of Counterclaimant's] submissions for product approvals …." (Dkt. 13, ¶ 80)) also fail to state a claim for breach of the implied covenant of good faith and fair dealing. First, this claim is based on the same facts as those underlying the breach of contract claim. *See Deutsche Bank Nat. Trust Co. v. Quicken Loans Inc.*, 810 F.3d 861, 869 (2d Cir. 2015) ("Under New York law, claims are duplicative when both arise from the same facts and seek the identical damages for each alleged breach.") (citations omitted). Second, "the implied covenant of good faith cannot create duties that negate explicit rights under a contract." *LJL 33rd St. Assocs. v. Pitcairn Props., Inc.*, 725 F.3d 184, 196 (2d Cir. 2013). The licensor's decision to exercise its contractual right under the Licenses cannot be deemed a breach of its duty to deal with Counterclaimant fairly and in good faith.

### C. The Court Should Dismiss Counterclaimant's Breach of Contract and Breach of the Implied Covenant Claims Because They Are Arbitrable

To determine whether a particular dispute falls within the scope of an agreement's arbitration clause, the court should first determine whether the arbitration clause is broad or narrow. *Burchett Photography*, 2020 WL 8261580, at *7, quoting *Arshad v. Transportation Systems, Inc.*, 183 F. Supp. 3d 442, 447 (S.D.N.Y. 2016). Here, the arbitration clause in the Licenses – which is incorporated by referenced into the Counterclaims (*Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000)) – is broad as it applies to "all disputes, controversies and claims arising out of or relating to" the Licenses except for certain specified matters. In other words, it "evidences the parties' intent to have arbitration serve as the primary recourse for disputes connected to the agreement containing the clause." *Id*. Because the arbitration clause is broad, "there arises a presumption of arbitrability." *Id.* Likewise, Counterclaimant's breach of contract claim and breach of implied covenant of good faith and fair dealing claim both fall within the scope of the Licenses' arbitration provision, which applies to "all disputes, controversies and claims arising out of or relating to" the Licenses. *See, e.g., Am. E Grp. LLC v. Livewire Ergogenics Inc.*, 432 F. Supp. 3d 390, 399, n.6 (S.D.N.Y. 2020) (claim for breach of the implied covenant of good faith and fair dealing based on attorney engagement letter that had an arbitration clause was subject to arbitration). Accordingly, the Court should dismiss these claims.[3]

### D. Briefing Schedule

Counterclaim Defendants propose: motion papers filed by October 21, 2022; opposition papers filed by October 28, 2022; and reply brief filed by November 4, 2022.

---

[3] The continued existence of the Licenses is *not* arbitrable because it does not arise out of relate to the Licenses but, rather, Jalapeno Pizza LLC's (fka Rebecca Minkoff LLC) default on its loan obligations and the viability of termination of the Master License Agreement governing the Licenses. Dkt. 1, ¶¶ 10, 15-17, 20. Counterclaimant admits as much by seeking judicial resolution of this issue before the Supreme Court of the State of New York (*Id.*, ¶ 20, Ex. E) and in this action. Dkt. 12, p. 6; Dkt. 13, ¶¶ 61-64.

                                                Respectfully submitted,

                                                /s/Theodore C. Max

                                                Theodore C. Max

SMRH:4857-8110-1364.5

cc:      Counsel of Record (By ECF)