UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORTH STAR IP HOLDINGS, LLC, <br><br>          Plaintiff, <br><br> v. <br><br> ICON TRADE SERVICES LLC <br><br>          Defendant. | Index No. 1:22-cv-07324-LGS |
| ICON TRADE SERVICES LLC, <br><br>          Counterclaimant/Third-Party Plaintiff, <br><br> v. <br><br> NORTH STAR IP HOLDINGS, LLC, JALAPENO PIZZA HOLDINGS LLC f/k/a REBECCA MINKOFF HOLDINGS, LLC and JALAPENO PIZZA LLC f/k/a REBECCA MINKOFF, LLC <br><br>          Counterclaim Defendant <br>          and Third-Party Defendants. | **THIRD** <br> **AMENDED** <br> <u>CIVIL CASE</u> <br> <u>MANAGEMENT PLAN</u> <br> <u>AND SCHEDULING</u> <br> <u>ORDER</u> |

LORNA G. SCHOFIELD, United States District Judge:

      This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.     All parties [consent _____ / do not consent __x__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial.  *See* 28 U.S.C. § 636(c).  The parties are free to withhold consent without adverse substantive consequences.  *[If all parties consent, the remaining paragraphs need not be completed.]*

2.     The parties [have __x__ / have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

3.     This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

      a.      An employment case governed by the Initial Discovery Protocols for Employment cases?  https://nysd.uscourts.gov/hon-lorna-g-schofield.
[Yes _____ / No __x___]

      b.      A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York?  https://nysd.uscourts.gov/rules.
[Yes _____ / No __x___]

      c.      A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
[Yes _____ / No __x___]

      d.      A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act?  https://nysd.uscourts.gov/hon-lorna-g-schofield.
[Yes _____ / No __x___]

4.      Alternative Dispute Resolution/Settlement

      a.      Settlement discussions [have __x___ / have not _____] taken place.

      b.      Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

            n/a

      c.      Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case:  (i) a settlement conference before a Magistrate Judge;; and (ii) retention of a private mediator.  Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

            Counter-Defendants request private mediation before a retired federal judge.  Icon requests a settlement conference before the assigned Magistrate Judge.  The mediation or settlement conference should be scheduled following the exchange of documents during the discovery contemplated under Section 8(a), infra, on a date in early January 2023.

      d.      Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

            *See* Section 4(c), *supra*.

      e.      **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order**.

5.      No additional parties may be joined after November 30, 2022 without leave of Court.

6. Amended pleadings may be filed without leave of Court until November 30, 2022.

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than October 31, 2022.

8. Fact Discovery

   a. ~~All fact discovery shall be completed no later than May 26, 2023~~.  Pursuant to Paragraph 12 below, all fact discovery related to North Star's infringement claims, Icon's affirmative defenses thereto, and Icon's first [~~and second~~] counterclaim[~~s~~] shall be completed by ~~January XX, 2023~~.  ~~February XX, 2023~~  ~~March X, 2023~~  **March 17, 2023**

   [*A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

   b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by November 4, 2022.

   c. Responsive documents shall be produced by December 23, 2022. Do the parties anticipate e-discovery?  [Yes __x____ / No _____]

   d. Pursuant to Paragraph 12 below, initial interrogatories related to North Star's infringement claims, Icon's affirmative defenses thereto, and Icon's first [~~and second~~] counterclaim[~~s~~] shall be served by November 4, 2022.  Any interrogatories related to other claims and defenses shall be served by March 29, 2023.

   e. Pursuant to Paragraph 12 below, depositions pursuant to Fed. R. Civ. P. 30, 31, and 45 related to North Star's infringement claims, Icon's affirmative defenses thereto, and Icon's first [~~and second~~] counterclaim[~~s~~] shall be completed by ~~January 21, 2023~~.  ~~Depositions related to other claims and defenses shall be completed by May 26, 2023~~.  **March 17, 2023**  ~~March 8, 2023~~  ~~February XX, 2023~~  ~~XXXXXXXX~~

   **The remaining depositions shall be taken on the dates listed in the Order issued February 21, 2023.**

   f. Pursuant to Paragraph 12 below, initial requests to admit pursuant to Fed. R. Civ. P. 36 related to North Star's infringement claims, Icon's affirmative defenses thereto, and Icon's first [~~and second~~] counterclaim[~~s~~] shall be served by November 4, 2022.  ~~Requests to admit related to other claims and defenses shall be served by April 25, 2023~~.

   g. **Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9. Expert Discovery [if applicable]

   a. Anticipated types of experts if any:

      Financial experts on damages.

> b. If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than July 13, 2023.
> *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* <u>Omit</u> if you have not identified types of experts.
>
> c. If you have identified types of experts in question 9(a), by April 25, 2023 *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

*[Margin note: Expert discovery deadlines will be set following the completion of the first phase of discovery and the resolution of any dispositive motions filed regarding the first phase of discovery.]*

10. This case [is __x__ / is not _____] to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is 4-6 days.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

    As set forth in its pre-motion letter (Dkt. 24), Plaintiff and Counter-Defendant North Star IP Holdings, LLC ("North Star") and Third-Party Defendants Jalapeno Pizza Holdings LLC and Jalapeno Pizza LLC (collectively with North Star, "Counter-Defendants") intended to file a motion to dismiss Icon's claims for breach of contract, in part, and breach of the implied covenant for failure to state a claim under the theory that Counter-Defendants had sole, subjective discretion under the licenses regarding approval of any products or designs bearing the previously licensed REBECCA MINKOFF trademarks, and to dismiss the same claims under the theory that they are arbitrable (the "Planned Motion to Dismiss"). However, the Court agrees that the resolution of Icon's third and fourth counterclaims that are the subject of the Planned Motion to Dismiss can only occur after it is determined whether the Licenses remain in effect, and whether North Star is, as it claims, the owner of the REBECCA MINKOFF trademarks.

    Accordingly, the Court orders bifurcation of discovery into two phases. In the first phase, discovery will be permitted into North Star's affirmative claims for relief, Icon's first counterclaim for a declaratory judgment that the Licenses remain in effect, [~~Icon's second counterclaim for tortious interference~~], and Icon's affirmative defenses. All discovery pertaining solely to Icon's [second,] third[,] and fourth counterclaims will be stayed pending resolution of the first phase.

    The parties may file dispositive motions regarding North Star's affirmative claims, Icon's affirmative defenses thereto, and Icon's first [~~and second~~] counterclaim[~~s~~] at the conclusion of discovery as to the foregoing. Counter-Defendants will withhold filing the Planned Motion to Dismiss, without prejudice and waiver, pursuant to this agreed-to-schedule.

Following the culmination of the first phase of discovery and motion practice, the parties may proceed to the second phase of discovery, depending on the outcome of any dispositive motion practice following the first phase.

13. Status Letters and Conferences

   a. By December 16, 2022 *[60 days after the commencement of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2. ~~February 3, 2023~~

   b. By ~~May 12, 2023~~ *[14 days after the close of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above. ~~February 24, 2023~~ ~~March 17, 2023~~ March 31, 2023

   c. On ~~June 27, 2023 at 10:00 A.M.~~ *[usually 14 days after the close of all discovery]*, a pre-motion conference will be held for any anticipated dispositive motions, provided: ~~February 15, 2023, at 4:10 p.m.~~ April 17, 2023, at 4:10 P.M.

Following the close of the first phase of discovery on March 17, 2023, the parties shall file the required status letter regarding settlement, as described in paragraph 13(b). Any pre-motion letters shall be filed by April 5, 2023, regarding anticipated motions for summary judgment.

A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter **at least two weeks before the** conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. To join the conference, the parties shall call (888) 363-4749 and use Access Code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

**If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.** The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(g) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(g), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

Notwithstanding any other rules governing discovery or other deadlines, the parties shall follow the deadlines set forth herein unless expressly ordered otherwise by the Court.

/ / /

/ / /

/ / /

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Dated: February 21, 2023
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Counsel for the Parties:

| Plaintiff, Counter-Defendant, and Third-Party Defendants | Defendant, Counterclaimant, and Third-Party Plaintiff |
|---|---|
| /s/Theodore C. Max<br>Theodore C. Max<br>Jill M. Pietrini<br>Paul A. Bost | /s/Bruce R. Ewing<br>Bruce R. Ewing<br>Joshua R. Kornfield |