

**BRUCE R. EWING**
Partner

(212) 415-9206
ewing.bruce@dorsey.com

April 21, 2023

<u>VIA ECF</u>

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> **Application GRANTED.** A three-part inquiry determines whether to seal a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). For the reasons stated herein, the privacy interests of Mr. Missry and the other owners of Icon Trade Services, LLC, overcome the comparatively weak presumption of public access to the parties' letter regarding their discovery disputes at Dkt. No. 68.
>
> The Clerk of Court is respectfully directed to maintain the seal on Dkt. No. 68, with access limited to the parties listed in the appendix, and to close the motion at Dkt. 72.
>
> Dated: April 24, 2023
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

Re: *North Star IP Holdings, LLC v. Icon Trade Services LLC,*
Case No. 1:22-cv-07324-LGS

Dear Judge Schofield:

    We represent Defendant/Counterclaimant/Third-Party Plaintiff Icon Trade Services LLC ("Icon"), and we write pursuant to the Court's order denying Icon's motion to seal, without prejudice to renewal, which had requested that discrete portions of the joint letter filed on April 14, 2023 addressing certain discovery disputes be filed under seal. Counsel for Plaintiff/Counterclaim-Defendant North Star IP Holdings, LLC ("North Star") and Third-Party Defendants Jalapeno Pizza Holdings LLC and Jalapeno Pizza LLC did not oppose this request. In accord with Section I(D)(3) of the Court's Individual Practices, a redacted version of the letter and the referenced Edery deposition transcript were filed by Icon as Dkts. 67 and 67-3, respectively, and the unredacted versions were filed as Dkts. 68 and 68-3.

    The redacted portions of the letter, as well as Exhibit C to the letter that was also redacted, contain private information concerning Icon's ownership structure and both the identities of non-party owners of Icon and their ownership shares. Icon is a privately-held company, and detail regarding the investment stakes of its private investors likely has had and is expected to have minimal relevance to the Court's decisions in this matter. *SEC v. Telegram Grp., Inc.*, No. 19-cv-9439 (PKC), 2020 U.S. Dist. LEXIS 106592, at *4, *9 (S.D.N.Y. June 17, 2020) ("Financial records of a wholly-owned business . . . and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public. . . . Protecting such private financial dealings is a recognized and protectable privacy interest") (internal citations omitted); *see also Closed Joint Stock Co. "CTC Network" v. Actava TV, Inc.*, No. 15-CV-8681 (GBD)(BCM), 2016 U.S. Dist. LEXIS 46713, at *12 (S.D.N.Y. Mar. 28, 2016) (granting motion for protective order because "detailed financial information concerning a privately held business, not previously disclosed to the public, will in most cases warrant confidential treatment"). Moreover, the fact that this discovery dispute is a non-dispositive motion further weakens the public interest in disclosure. *Telegram*, 2020 U.S. Dist. LEXIS 106592, at *10.

    Specifically, Icon seeks to redact information regarding Morris Missry's ownership stake in Icon and its number of investors. The exact amount of Missry's ownership stake in Icon is private information, and the fact that he is a nonparty is significant to assessing this sealing request. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation"). Notably, Icon



The Honorable Lorna G. Schofield
April 21, 2023
Page 2

does not seek to seal the statement that Missry has a "significant ownership interest in Icon." *See* Dkt. 67 at pg. 6.  Therefore, to the extent that Missry's investment influenced the Court's analysis in its order for Icon to collect Missry's documents (Dkt. 70), that general information will continue to be accessible to the public.  However, the exact nature of Missry's investment and Icon's current number of investors is private.  Moreover, the disclosure of Icon's number of investors and the amount of Missry's stake, may lead to inferences about the investment stakes of other nonparties.  Courts have sealed similar information due to its private nature.  *See SEC v. Ripple Labs, Inc.*, 2022 U.S. Dist. LEXIS 229188, at *14 (S.D.N.Y. Dec. 19, 2022) (granting sealing motion when privacy interests of innocent third parties outweighed presumption of public access to information that had minimal relevance to the Court's decisions); *see also Ashkinazi v. Sapir*, No. 02 CV 0002 (RCC), 2004 U.S. Dist. LEXIS 14523, at *3 (S.D.N.Y. July 27, 2004) (noting that magistrate judge had redacted references to employee salaries);*Goodman v. J.P. Morgan Inv. Mgmt.*, 301 F. Supp. 3d 759, 784 (S.D. Ohio 2018) (granting motion to seal the amount of investments that were not at issue).

      Accordingly, Icon respectfully renews its request that the Court permit the sealing of Dkts. 68 and 68-3, leaving the redacted version of the parties' letter and the attached excerpted Edery deposition transcript, Dkts. 67 and 67-3, on the public docket.

Respectfully Submitted,

*/s/ Bruce R. Ewing*

Bruce R. Ewing

cc:    All Counsel of Record (via ECF)