

<div style="text-align: right">
BRUCE R. EWING
Partner
(212) 415-9206
ewing.bruce@dorsey.com
</div>

July 20, 2023

<u>VIA ECF</u>
The Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *North Star IP Holdings, LLC v. Icon Trade Services LLC,*
            Case No. 1:22-cv-07324-JGLC

Dear Judge Clarke:

    We represent Defendant/Counterclaimant/Third-Party Plaintiff Icon Trade Services LLC ("Icon"), and we write to request that discrete portions of the Motion for Summary Judgment and Opposition to Motion for Summary Judgment filed by Defendant North Star IP Holdings, LLC ("North Star") and Third-Party Defendants Jalapeno Pizza Holdings LLC and Jalapeno Pizza LLC f/k/a (Rebecca Minkoff LLC ("RML") (collectively, "Counterclaim Defendants'") be filed under seal.  As stated in its sealing letter-motion, Dkt. 112 at 3, Counterclaim Defendants do not oppose this sealing request.

    First, Icon seeks to seal two lines of Gary Herwitz's deposition testimony in Exhibit B to the Bost Declaration.  *See* Dkts. 109-2 (public version), 117-2 (temporary seal version) at 124:13-14.  This testimony appears to relate to the amount that Bluestar Alliance LLC ("Bluestar") bid on the Rebecca Minkoff assets that were allegedly acquired by North Star and its parent, Sunrise Brands LLC ("Sunrise").  Counterclaim Defendants moved to seal similar testimony several lines before that testimony at 124:6-8, where Mr. Herwitz testified about the difference between the Sunrise and Bluestar bids.  In their sealing motion, Counterclaim Defendants asserted "the details of the difference in the purchase price, as opposed to the fact that there was a difference in the purchase prices, is expected to have minimal relevance to the Court's decision" on their motion for summary judgment.  Dkt. 112 at 3.  As such, the fact that Bluestar allegedly made a lower bid for the Rebecca Minkoff assets is publicly accessible in Counterclaim Defendants' submissions, but the amount of the disparity is currently sealed.  *See e.g.*, Dkts. 106 ¶ 28 ("Sunrise offered a purchase price higher than that offered by Bluestar"); 113 at 6 (same).  Therefore, the testimony Icon asks the Court to seal relates to confidential information of a third party, Bluestar, that is minimally relevant to the resolution of Counterclaim-Defendants' summary judgment motion.  *See U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("the privacy interests of innocent third parties … should weigh heavily in a court's balancing equation"); *see also SEC v. Telegram Grp., Inc.*, No. 19-cv-9439 (PKC), 2020 U.S. Dist. LEXIS 106592, at *4, *9 (S.D.N.Y. June 17, 2020) ("Financial records of a wholly-owned business . . . and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public. . . . Protecting such private financial dealings is a recognized and protectable privacy interest") (internal citations omitted); *Closed Joint Stock Co. "CTC Network" v. Actava TV, Inc.*, No. 15-CV-8681 (GBD)(BCM), 2016 U.S. Dist. LEXIS 46713, at *12

Case 1:22-cv-07324-JGLC   Document 120   Filed 07/20/23   Page 2 of 2



The Honorable Jessica G. L. Clarke
July 20, 2023
Page 2

(S.D.N.Y. Mar. 28, 2016) (granting motion for protective order because "detailed financial information concerning a privately held business, not previously disclosed to the public, will in most cases warrant confidential treatment").

Second, Icon seeks to seal several lines of Joseph Edery's deposition testimony in Exhibit E to the Bost Declaration. See Dkts. 109-5 (public version), 117-4 (temporary seal version) at 50:18-22 and 68:19-69:7. The testimony at 50:18-22 refers to the nature of Icon's anticipated relationship with Bluestar with respect to the sale of the Rebecca Minkoff assets. Counterclaim Defendants do not describe the nature of this arrangement in their moving papers and thus it is immaterial to the outcome of their motion. Both Icon and Bluestar have interests in preserving the confidentiality of their planned relationship. See Amodeo, 71 F.3d at 1050 (recognizing the "the privacy interests of innocent third parties"); see also Telegram, 2020 U.S. Dist. LEXIS 106592, at *4, *9 (S.D.N.Y. June 17, 2020). The testimony at 68:19-69:7 refers to the terms of a confidential exclusive license entered into by a friend of Mr. Edery for a separate brand. The specific identity of the licensee and the brand has no bearing on Counterclaim Defendants' motion for summary judgment, and Mr. Edery testified that this information is confidential. See Amodeo, 71 F.3d at 1050.

Third, Icon seeks to seal two lines of Gerard Guez's deposition testimony in Exhibit F to the Bost Declaration. See Dkts. 109-6 (public version), 117-5 (temporary seal version) at 78:3-4. This testimony concerns Icon's inability to obtain approval from RML to sell a denim jean even after receiving a substantial order from a retailer. Icon requests to seal the identity of the retailer and the amount of the order as this information is irrelevant to Counterclaim Defendants' motion for summary judgment and relates to sensitive financial information of Icon and of the retailer. See Amodeo, 71 F.3d at 1050; see also Telegram, 2020 U.S. Dist. LEXIS 106592, at *4, *9 (S.D.N.Y. June 17, 2020).

Finally, Icon seeks to seal an email included in Exhibit L to the Bost Declaration. See Dkts. 119-12[1] (public version), 117-7 (temporary seal version). The email from the CEO of Bluestar at the top of ICON_00000819 contains the CEO's commentary about his perception of Icon's principals' finances. This commentary is irrelevant to Counterclaim Defendants' motion for summary judgment and relates to sensitive financial information regarding Icon's principals. As such, Icon requests that the sealing of this email. See Telegram, 2020 U.S. Dist. LEXIS 106592, at *4, *9 (S.D.N.Y. June 17, 2020); see also CTC Network, 2016 U.S. Dist. LEXIS 46713, at *12.

Respectfully Submitted,

/s/ Bruce R. Ewing

Bruce R. Ewing

cc:   All Counsel of Record (via ECF)

---

[1] Counterclaim Defendants had filed an incorrectly redacted version of this document at Dkt. 109-12, but Icon understands that the S.D.N.Y. Quality Assurance Unit removed the incorrect version from the docket.