**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
213.620.1780 main
213.620.1398 fax
www.sheppardmullin.com

Paul A. Bost
310.228.2249 direct
pbost@sheppardmullin.com
File Number: 85LZ-361988

**MEMO ENDORSED**

July 18, 2023

**By ECF**

The Honorable Lorna G. Schofield
United States District Judge
U.S.D.C. - Southern District of New York
40 Foley Square
New York, NY 10007

Re: *North Star IP Holdings, LLC v. Icon Trade Services LLC*,
Case No. 1:22-cv-07324-LGS

Dear Judge Schofield:

We represent Plaintiff and Counter-Defendant North Star IP Holdings, LLC ("North Star") and Third-Party Defendants Jalapeno Pizza Holdings LLC f/k/a Rebecca Minkoff Holdings LLC ("RML") and Jalapeno Pizza LLC f/k/a Rebecca Minkoff LLC ("RM Holdings" and collectively with RML, the "RM Defendants"). We write to request that certain discrete portions of North Star's and the RM Defendants' Motion for Summary Judgment (the "Motion") and North Star's Opposition to Defendant, Counterclaimant, and Third-Party Plaintiff Icon Trade Services LLC's ("Icon") Motion for Summary Judgment (the "Opposition") be filed under seal. In accordance with I.D.3. of the Court's Individual Rules and Procedures for Civil Cases, redacted versions of papers relating to the Motion and Opposition were filed as Dkts. 105, 106, 107, 108-3, 108-4, 109-1, 109-2, 109-4, 109-5, 109-6, 109-7, and 109-12, and the unredacted versions will be filed under seal. Icon does not oppose this motion and, with respect to certain parts noted below, joins in this motion.

North Star, the RM Defendants, and Icon jointly move that Exhibit G to the Declaration of Paul Bost filed in support of the Opposition be filed under seal, leaving the redacted version, Dkt. 109-7, on the public docket, as well as any corresponding redactions in the Motion papers. Exhibit G consists of excerpts from the deposition of Angela Poppe. The redacted portions (29:15-16, 35:5) obscures the royalty percentage in Icon's sublicense agreements with RML and the amount of the outstanding royalties owed by Icon under the agreements. North Star, the RM Defendants, and Icon have a collective interest in maintaining the confidentiality of the financial terms of the sublicense agreements, which non-public information could be used by their respective competitors. A motion to seal may be granted where the sealed information is "limited to specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'" *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015), quoting *Encycl. Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998).

**SheppardMullin**

The Honorable Lorna G. Schofield
July 18, 2023
Page 2

      North Star and the RM Defendants move that Exhibit C to the Declaration of Michael Callahan filed in support of the Motion be filed under seal, leaving the redacted version, Dkt. 108-3, on the public docket.  Exhibit C is the Peaceful Possession Agreement entered between the RM Defendants and third-party Rosenthal & Rosenthal, Inc. ("Rosenthal"), and the redacted portion obscures the amount of the RM Defendants' indebtedness to Rosenthal.  The specific amount of indebtedness is expected to have minimal relevance to the Court's decision on the Motion.  Such information is regularly sealed in this district.  *See SEC v. Telegram Grp., Inc.*, No. 19-cv-9439 (PKC), 2020 U.S. Dist. LEXIS 106592, at *4, *9 (S.D.N.Y. June 17, 2020) ("Financial records of a wholly-owned business … and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.  … Protecting such private financial dealings is a recognized and protectable privacy interest") (internal citations omitted); *Closed Joint Stock Co. "CTC Network" v. Actava TV, Inc.*, No. 15-CV-8681 (GBD)(BCM), 2016 U.S. Dist. LEXIS 46713, at *12 (S.D.N.Y. Mar. 28, 2016) (granting motion for protective order because "detailed financial information concerning a privately held business, not previously disclosed to the public, will in most cases warrant confidential treatment.").  The redacted information also implicates the financial interests of Rosenthal, who is not a party to this case.  *See U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("the privacy interests of innocent third parties … should weigh heavily in a court's balancing equation.")

      Similarly, North Star and the RM Defendants move that Exhibit D to the Callahan Declaration be filed under seal, leaving the redacted version, Dkt. 108-4, on the public docket.  Exhibit D is the Secured Party Bill of Sale entered between the North Star, third-party North Star Opco, LLC, and Rosenthal.  The first redacted portion (pg. 2) obscures the purchase price paid by North Star and North Star Opco.  The specific purchase price paid by North Star and North Star Opco is expected to have minimal relevance to the Court's decision on the Motion.  The second redacted portion (pgs. 7 and 8) obscures the financial details associated with certain assets excluded from the Secured Party Bill of Sale, none of which are at issue in the Motion.  Such information is regularly sealed in this district.  *See Telegram Grp.*, *supra*; *CTC Network*, *supra*.

      North Star and the RM Defendants move that Exhibit A to the Bost Declaration be filed in support of the Motion be filed under seal, leaving the redacted version, Dkt. 109-1, on the public docket.  Exhibit A consists of excerpts from the deposition of Uri Minkoff.  The redacted portion (58:25-60:7) obscures the ownership details of third-party Rebecca Minkoff Holding Company, LLC ("RMHCL"), which entity owned all of RML and the majority of RM Holdings.  The specific identities of the owners of RMHCL are non-public information.  Plus their specific identify is not relevant to the disposition of the Mo. n; all that is relevant is that third-party Sunrise Brands, LLC is not one of the owners.  Such information is regularly sealed in this district.  *See Telegram Grp.*, *supra*; *CTC Network*, *supra*.

      North Star and the RM Defendants move that portions of Exhibit B to the Bost Declaration filed in support of the Motion be filed under seal, leaving the redacted version, Dkt. 109-2, on the public docket.  Exhibit B consists of excerpts from the deposition or Gary Herwitz.  The first

**SheppardMullin**

The Honorable Lorna G. Schofield
July 18, 2023
Page 3

redacted portion (40:5-6, 40:16-17) obscures the identities of third parties who Mr. Herwitz spoke with about purchasing the Rebecca Minkoff assets. The specific third parties who Mr. Herwitz spoke with, other than Bluestar, is expected to have minimal relevance to the Court's decision on the Motion. Such information is regularly sealed in this district. *See Telegram Grp.*, *supra*; *CTC Network*, *supra*. Also, the redacted information also implicates the privacy interests of third parties who are not parties to this case. *See Amodeo*, *supra*. The second redacted portion (124:2-8) obscures a comparison between the purchase price paid by North Star and North Star Opco to Rosenthal in the Secured Party Bill of Sale and that amount offered by Bluestar and Icon to Rosenthal for the same assets.[1] Again, the details of the differences in the purchase price, as opposed to the fact that there was a difference in the purchase prices, is expected to have minimal relevance to the Court's decision on the Motion. Such information is regularly sealed in this district.

      Finally, North Star and the RM Defendants move that Exhibit D to the Bost Declaration be filed in support of the Motion be filed under seal, leaving the redacted version, Dkt. 109-4, on the public docket. Exhibit D consists of excerpts from the deposition of Christian Trunnell. The redacted portions (26:20, 26:23, 27:13-16, 28:2-7, 28:23-29:3, 29:10-16, 29:24-30:2, 30:16-20) obscure the ownership interests of the members of North Star and highly confidential financial contractual terms between, on the one hand, third parties Asterisk I, LLC, Rebecca Minkoff, Craig Fleishman, and Daniela Bocresion and, on the other hand, North Star. Such information is regularly sealed in this district. *See Telegram Grp.*, *supra*; *CTC Network*, *supra*; *Amodeo*, *supra*.

      The remaining redactions in the moving papers – namely, Exhibit B to the Bost Declaration (124:13-14), Exhibit E to the Bost Declaration (50:18-22, 68:19-69:7), Exhibit F to the Bost Declaration (78:3-4) and Exhibit L to the Bost Declaration – were requested by Icon, and North Star and the RM Defendants anticipate that Icon will file a letter in support of these redactions pursuant to I.D.3. of the Court's Individual Rules and Procedures for Civil Cases. The redacted versions of these papers were filed at 109-2, 109-6, and 109-12, respectively. North Star and the RM Defendants do not oppose these sealing requests.

Very truly yours,

/s/Paul A. Bost

Paul A. Bost

SMRH:4867-1553-8288.1
cc:    Counsel of Record (By ECF)

The parties' letter-motions to seal, ECF Nos. 112 and 120, are granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 112.

Dated: July 26, 2023
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

---

[1] Icon joins in the request to seal this portion of the Edery transcript.