

**MEMO ENDORSED**

BRUCE R. EWING
Partner
(212) 415-9206
ewing.bruce@dorsey.com

June 22, 2023

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

*This letter-motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 96 and seal ECF No. 97-2. Access is restricted to attorneys appearing for the parties and court personnel.*

Dated: August 2, 2023
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Re:   *North Star IP Holdings, LLC v. Icon Trade Services LLC*,
      Case No. 1:22-cv-07324-LGS

Dear Judge Schofield:

We represent Defendant/Counterclaimant/Third-Party Plaintiff Icon Trade Services LLC ("Icon"), and we write to request that discrete portions of Icon's Motion for Summary Judgment (the "Motion"), filed earlier today be filed under seal. In accordance with Section I(D)(3) of the Court's Individual Rules and Procedures for Civil Cases, redacted versions of papers relating to Icon's Motion were filed as Dkts. 92-95, and the unredacted versions will be filed under seal.

The parties jointly move that Exhibit I to the Declaration of Joseph Edery filed in support of the Motion be filed under seal, leaving the redacted version, Dkt. 92-9, on the public docket. Exhibit I is a summary chart and documentary backup showing Icon's sales of goods under the REBECCA MINKOFF trademarks from February to October 2022. The exhibit is redacted to obscure the number of units sold and various dollar amounts for the cost, sales value, and profits of these sales. Also redacted are customer names, order numbers, and invoice numbers. The specific information regarding the units sold and the financial terms of such sales is expected to have minimal relevance to the Court's decision on Icon's Motion. *SEC v. Telegram Grp., Inc.*, No. 19-cv-9439 (PKC), 2020 U.S. Dist. LEXIS 106592, at *4, *9 (S.D.N.Y. June 17, 2020) ("Financial records of a wholly-owned business . . . and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public. . . . Protecting such private financial dealings is a recognized and protectable privacy interest") (internal citations omitted); *see also Closed Joint Stock Co. "CTC Network" v. Actava TV, Inc.*, No. 15-CV-8681 (GBD)(BCM), 2016 U.S. Dist. LEXIS 46713, at *12 (S.D.N.Y. Mar. 28, 2016) (granting motion for protective order because "detailed financial information concerning a privately held business, not previously disclosed to the public, will in most cases warrant confidential treatment"). Further, the parties have a collective interest in maintaining the confidentiality of their customer names and pricing information that likewise do not bear on the resolution of Icon's Motion.

The sealing of such information would be consistent with the Second Circuit's analysis in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), which recognized that the right of public access to judicial documents is not absolute and that "the court must balance competing considerations against it." "Courts in this District [] routinely seal documents to prevent the disclosure of confidential business information," such as that at issue here.


The Honorable Lorna G. Schofield
June 22, 2023
Page 2

*Corp. v. CB Neptune Holdings, LLC*, 21-cv-04610, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (identifying various categories for which courts have sealed or redacted sensitive business information). Indeed, several well "[e]stablished factors" and interests—including "privacy interests" and "business secrecy"—can "outweigh the presumption of public access" and justify sealing, especially with respect to the types of information at hand. *Hanks v. Voya Ret. Ins. & Annuity Co.*, No. 16-CV-6399 (PKC), 2020 WL 5813448, at *1 (S.D.N.Y. Sept. 30, 2020).

The remaining redactions in Icon's moving papers were requested by Plaintiff North Star IP Holdings LLC and Third-Party Defendants Jalapeno Pizza Holdings LLC f/k/a Rebecca Minkoff Holdings LLC and Jalapeno Pizza LLC f/k/a Rebecca Minkoff LLC (collectively, "Counterclaim Defendants"), and Icon anticipates that Counterclaim Defendants will file a letter on ECF in support of these redactions in accordance with section I(D)(3) of the Court's Individual Rules. Although many of Counterclaim-Defendants' requested redactions do not relate to issues raised by Icon's Motion, Counterclaim-Defendants requested the redaction of certain discrete information described in Icon's Memorandum of Law, Local Civil Rule 56.1 Statement of Undisputed Facts, and the Declaration of Joseph Edery filed in support of Icon's Motion, and Icon implemented these redactions in those papers. The redacted versions of these papers were filed at Dkts. 95, 94, 92, respectively. Counterclaim Defendants also requested redactions to Exhibits A and E to the Declaration of Bruce R. Ewing, and to Exhibit B to the Declaration of Joseph Edery filed in support of the Motion. The redacted versions of these papers were filed at Dkts. 93-1, 93-5, 92-2, respectively.

Accordingly, the parties jointly move the Court to permit the sealing of Exhibit I to the Declaration of Joseph Edery leaving the redacted version, Dkt. 92-9, on the public docket. Icon anticipates that Counterclaim Defendants will address the other information filed under seal in a letter to the Court, and Icon does not oppose these sealing requests.

                                                         Respectfully Submitted,

                                                         */s/ Bruce R. Ewing*

                                                         Bruce R. Ewing

cc:      All Counsel of Record (via ECF)

**Appendix**

*Parties and Attorneys Entitled to Access to Sealed Documents:*

For Plaintiff/Counterclaim Defendant North Star IP Holdings, LLC and Third Party Defendants Jalapeno Pizza Holdings LLC and Jalapeno Pizza LLC

- Jill M. Pietrini
- Paul A. Bost
- Theodore C. Max

For Defendant/Counterclaimant/Third Party Plaintiff Icon Trade Services LLC

- Bruce R. Ewing
- Joshua R. Kornfield