

BRUCE R. EWING
Partner
(212) 415-9206
ewing.bruce@dorsey.com

August 8, 2023

**VIA ECF**
The Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *North Star IP Holdings, LLC v. Icon Trade Services LLC,*
               **Case No. 1:22-cv-07324-JGLC**

Dear Judge Clarke:

      We represent Defendant/Counterclaimant/Third-Party Plaintiff Icon Trade Services LLC ("Icon"), and we write regarding two issues.

      Icon writes first regarding the Court's Individual Rule 4(f)(iii) in relation to the deposition testimony the parties have submitted with their respective summary judgment motions.  In accordance with Judge Schofield's Individual Rules, the parties uploaded full, text searchable versions of every deposition transcript, including their respective indices, to the Court's file upload site.  Given the page limitations governing exhibits for the parties' summary judgment motions, *see* Dkt. 103, the parties did not include deposition transcript indices when attaching excerpted versions of the transcripts as exhibits.  As this case was reassigned to Your Honor, the parties will resubmit the full deposition transcripts if it would be helpful to the Court.

      In addition, Icon requests that discrete portions of Icon's Opposition to Counterclaim Defendants' Motion for Summary Judgment and Reply in Support of Icon's Motion for Summary Judgment, and the papers filed earlier today therewith ("Icon's Opposition"), be filed under seal.  In accordance with paragraph 5 (d)(iii) of the Court's Individual Rules and Procedures for Civil Cases, redacted versions of papers relating to Icon's Motion were filed as Dkts. 129-133, and the unredacted versions will be filed under seal.

      First, the parties jointly move that discrete portions of Exhibit P to the Declaration of Joshua R. Kornfield ("Kornfield Declaration"), excerpts from the deposition of Angela Poppe, be filed under seal, leaving the redacted version, Dkt. 130-16, on the public docket.  The Court has already temporarily granted the parties' request to seal similar content.  *See* Dkt. 122 (second paragraph relating to redactions to Poppe transcript).  Consistent with the parties' prior request for confidential treatment of similar testimony, the parties seek to seal Ms. Poppe's testimony regarding the confidential financial terms of Icon's license agreements, including the royalties allegedly owed by Icon and the royalty percentage set forth in the license agreements at issue.  The details of these confidential financial terms are minimally relevant to the parties' respective summary judgment motions, but are commercially sensitive.  *SEC v. Telegram Grp., Inc.*, No. 19-cv-9439 (PKC), 2020 U.S. Dist. LEXIS 106592, at *4, *9 (S.D.N.Y. June 17, 2020) ("Financial records of a wholly-owned business . . . and similar matters will weigh more heavily against



The Honorable Jessica G. L. Clarke
August 8, 2023
Page 2

access than conduct affecting a substantial portion of the public. . . . Protecting such private financial dealings is a recognized and protectable privacy interest") (internal citations omitted); *Closed Joint Stock Co. "CTC Network" v. Actava TV, Inc.*, No. 15-CV-8681 (GBD)(BCM), 2016 U.S. Dist. LEXIS 46713, at *12 (S.D.N.Y. Mar. 28, 2016) (granting motion for protective order because "detailed financial information concerning a privately held business, not previously disclosed to the public, will in most cases warrant confidential treatment").

Second, Icon seeks to seal several lines of testimony from the deposition of Joseph Edery, which is Exhibit O to the Kornfield Declaration, leaving the redacted version, Dkt.130-15, on the public docket. The testimony at lines 68:19-69:7 of Mr. Edery's deposition transcript refers to the terms of a confidential exclusive license entered into by a friend of Mr. Edery for a separate brand. The specific identity of the licensee and the brand has no bearing on the parties' motions for summary judgment, and Mr. Edery testified that this information is confidential. *See U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("the privacy interests of innocent third parties … should weigh heavily in a court's balancing equation"). The same lines of testimony were redacted at Icon's request, Dkt. 120, and the Court temporarily sealed this testimony pending its decision on the summary judgment motions. *See* Dkt. 122 at 3. Icon only asks that the Court maintain that status quo with respect to this testimony. Counterclaim Defendants do not oppose this request.

Finally, Icon seeks to seal several lines of testimony from the depositions of Uri Minkoff, Gary Herwitz, and Christian Trunnell, Exhibits A, G, and H to the Kornfield Declaration, respectively, leaving the redacted versions, Dkts.130-1, 130-7, 130-8, on the public docket. Icon's requests to seal Mr. Minkoff's testimony in Exhibit A at lines 157:2-5, Mr. Herwitz's testimony in Exhibit G at lines 129:8-9, and Mr. Trunnell's testimony in Exhibit H at lines 116:3-5 and 116:19-20, are substantively related. The foregoing testimony relates to the nature of Icon's anticipated relationship with Bluestar with respect to the sale of the Rebecca Minkoff assets. Both Icon and Bluestar have interests in preserving the confidentiality of their planned relationship. *See Amodeo*, 71 F.3d at 1050 (recognizing the "the privacy interests of innocent third parties"); *see also Telegram*, 2020 U.S. Dist. LEXIS 106592, at *4, *9 (S.D.N.Y. June 17, 2020). The Court temporarily sealed similar testimony from Mr. Edery in connection with Icon's prior sealing request. *See* Dkt. 122 (temporarily granting Icon's request at Dkt. 120 to seal testimony related to Icon's anticipated relationship with Bluestar pending the Court's decisions on the summary judgment motions). Counterclaim Defendants do not oppose this request.

The remaining redactions in Icon's Opposition were requested by Plaintiff North Star IP Holdings LLC ("North Star") and Third-Party Defendants Jalapeno Pizza Holdings LLC f/k/a Rebecca Minkoff Holdings LLC and Jalapeno Pizza LLC f/k/a Rebecca Minkoff LLC (collectively, "Counterclaim Defendants"), and Icon anticipates that Counterclaim Defendants will file a letter on ECF in support of these redactions in accordance with paragraph 5(d)(i) of the Court's Individual Rules. Many of Counterclaim-Defendants' requested redactions do not relate to issues raised by the parties' respective motions for summary judgment (highlighted in green in the under seal filings) and these discrete items were redacted in both the public and non-public filings of Icon's Opposition. Counterclaim Defendants also requested redactions to Exhibits A, B, D, G, H, I, J, K, L, M, and T to the Kornfield Declaration, and this redacted information is related to the parties' respective summary judgment motions (the redactions that



The Honorable Jessica G. L. Clarke
August 8, 2023
Page 3

related to the motions are highlighted in yellow in the under seal filings).  The redacted versions of these papers were filed at Dkts. 130-1, 130-2, 130-4, 130-7, 130-8, 130-9, 130-10, 130-11, 130-12, 130-13, 130-20, respectively.  Icon also made corresponding redactions to such information in its (1) Memorandum of Law in Opposition to Counterclaim Defendants' Motion for Summary Judgment and Reply in Support of Icon's Motion for Summary Judgment, (2) Response to Counterclaim Defendants' Local Civil Rule 56.1 Statement of Material Undisputed Facts, and (3) Response to North Star's Statement of "Additional Material Facts".  The redacted versions of these papers were filed at Dkts. 129, 132, 133, respectively.  Icon does not oppose Counterclaim Defendants' requested redactions.

   Accordingly, the parties jointly move the Court to permit the sealing of Exhibit P to the Declaration of Joshua R. Kornfield leaving the redacted version, Dkt. 130-16, on the public docket.  Icon separately moves to permit the sealing of Exhibits A, G, H, and O to the Kornfield Declaration, leaving the redacted versions, Dkts. 130-1, 130-7, 130-8, 130-15, on the public docket.

             Respectfully Submitted,

             */s/ Bruce R. Ewing*

             Bruce R. Ewing

cc: All Counsel of Record (via ECF)

The parties' letter-motions to seal, ECF Nos. 134 and 139, are granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF Nos. 112, 134 and 139 and leave ECF Nos. 123-127 and 135-138 temporarily under seal. Access is restricted to attorneys appearing for the parties and court personnel.

The Court will send the parties a link via email to upload full deposition transcripts with indices.

SO ORDERED.

*[signature: Jessica Clarke]*

JESSICA G. L. CLARKE
United States District Judge

Dated: August 15, 2023
   New York, New York