**SheppardMullin**

**MEMO ENDORSED**

Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
213.620.1780 main
213.620.1398 fax
www.sheppardmullin.com

Paul A. Bost
310.228.2249 direct
pbost@sheppardmullin.com
File Number: 85LZ-361988

August 22, 2023

**By ECF**
The Honorable Jessica G. L. Clarke
United States District Judge
U.S.D.C. - Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *North Star IP Holdings, LLC v. Icon Trade Services LLC*,
Case No. 1:22-cv-07324-JGLC

Dear Judge Clarke:

We represent Plaintiff and Counter-Defendant North Star IP Holdings, LLC ("North Star") and Third-Party Defendants Jalapeno Pizza Holdings LLC f/k/a Rebecca Minkoff Holdings LLC ("RML") and Jalapeno Pizza LLC f/k/a Rebecca Minkoff LLC ("RM Holdings" and collectively with RML, the "RM Defendants"). We write to request that certain discrete portions of North Star's and the RM Defendants' Reply Brief in Support of their Motion for Summary Judgment (the "Reply") and papers filed in support thereof be filed under seal. Redacted versions of papers relating to the Reply were filed as Dkts. 141, 142, 143, 144-2, 144-4, and 144-5, and the unredacted versions will be filed under seal. Defendant, Counterclaimant, and Third-Party Plaintiff Icon Trade Services LLC ("Icon") does not oppose this motion and, with respect to certain parts noted below, joins in this motion.

North Star, the RM Defendants, and Icon jointly move that Exhibit X to the Supplemental Declaration of Paul A. Bost filed in support of the Reply be filed under seal, leaving the redacted version, Dkt. 144-4, on the public docket, as well as any corresponding redactions in the Reply papers. Exhibit X consists of confidential email correspondence between Uri Minkoff, Rebecca Minkoff, and Gary Herwitz, and, earlier, in the thread, these three individuals and Joey Gabbay and Ralph Gindi of third-party Bluestar Alliance ("Bluestar"), regarding Bluestar's potential purchase of the RM Defendants' assets. The redacted portions obscure the confidential details of the RM Defendants' and Bluestar's negotiations. North Star, the RM Defendants, and Icon, and presumably Bluestar, have a collective interest in maintaining the confidentiality of the details of Bluestar's potential acquisition of the RM Defendants' assets, which non-public information could be used by their respective competitors. The Court should seal this information. A motion to seal may be granted where the sealed information is "limited to specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'" *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015), quoting *Encycl. Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998). The redacted information also implicates

**SheppardMullin**

The Honorable Jessica G.L. Clarke
August 22, 2023
Page 2

the financial interests of Bluestar, who is not a party to this case. *See U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("the privacy interests of innocent third parties … should weigh heavily in a court's balancing equation.")  Notably, the Court has already temporarily granted North Star's and the RM Defendants' request to seal similar content.  Dkt. 122.

     North Star and the RM Defendants move that Exhibit Y to the Supplemental Declaration of Paul A. Bost filed in support of the Reply be filed under seal, leaving the fully redacted version, Dkt. Dkt. 144-5 on the public docket.  Exhibit Y is a confidential letter from a third-party entity to RML detailing the third-party entity's proposal for purchasing RML's assets.  The letter is replete with confidential details regarding the proposed transaction, which transaction, obviously, never was consummated and is not the subject of this proceeding.  The letter is relevant because it proposes the acquisition occur by means of an Article 9 sale.  Also, certain of its proposed terms are similar to confidential terms that North Star agreed to in its purchase of the RM Defendants' assets.  Pursuant to the authority cited above, and particularly because the letter is from a third-party entity with no involvement in this case, the Court should seal this information.  Notably, the Court has already temporarily granted North Star's and the RM Defendants' request to seal the name of this third-party entity.  Dkt. 122.

     North Star and the RM Defendants move that a portion of paragraph 3 of the Declaration of Uri Minkoff filed in support of the Reply be filed under seal, leaving the redacted version, Dkt. 143, on the public docket.  This redacted paragraph identifies the ownership details of third-party Rebecca Minkoff Holding Company, LLC ("RMHCL"), which entity owned all of RML and the majority of RM Holdings.  The specific identities of the owners of RMHCL are non-public information.  The Court should seal this information.  *See SEC v. Telegram Grp., Inc.*, No. 19-cv-9439 (PKC), 2020 U.S. Dist. LEXIS 106592, at *4, *9 (S.D.N.Y. June 17, 2020) ("Financial records of a wholly-owned business … and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.  … Protecting such private financial dealings is a recognized and protectable privacy interest") (internal citations omitted); *Closed Joint Stock Co. "CTC Network" v. Actava TV, Inc.*, No. 15-CV-8681 (GBD)(BCM), 2016 U.S. Dist. LEXIS 46713, at *12 (S.D.N.Y. Mar. 28, 2016) (granting motion for protective order because "detailed financial information concerning a privately held business, not previously disclosed to the public, will in most cases warrant confidential treatment.").  Notably, the Court has already temporarily granted North Star's and the RM Defendants' request to seal identical content.  Dkt. 122.

     The redactions to Exhibit V to the Supplemental Declaration of Paul A. Bost were requested by Icon, and North Star and the RM Defendants anticipate that Icon will file a letter in support of these redactions.  The redacted version of this exhibit was filed at Dkt. 144-2.  North Star and the RM Defendants do not oppose this sealing request.

/ / /

/ / /

**SheppardMullin**

The Honorable Jessica G.L. Clarke
August 22, 2023
Page 3

      Finally, any redactions in the Reply and related papers not specifically addressed above – most notably, the redactions in North Star's and the RM Defendants' response to Icon's Statement of Additional Material Facts, which redacted version, Dkt. 142, is on the public docket – is filed under seal pursuant to the Court's order of August 15, 2023.  Dkt. 140.

Very truly yours,

/s/Paul A. Bost

Paul A. Bost

SMRH:4873-0016-6778.1

cc:    Counsel of Record (By ECF)

The parties' letter-motions to seal, *see* ECF Nos. 145 and 150, are granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 145 and leave ECF Nos. 146-149 temporarily under seal. Access is restricted to attorneys appearing for the parties and court personnel.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: August 28, 2023
      New York, New York